**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 04-CV-01099-JLK-DLW**

**WOLF CREEK SKI CORPORATION, INC.,**

**Plaintiff,**

**vs.**

**LEAVELL-McCOMBS JOINT VENTURE, d/b/a
THE VILLAGE AT WOLF CREEK,**

**Defendant.**

---

**MEMORANDUM OPINION AND ORDER**

---

**ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

### I. BACKGROUND

The United States Department of Agriculture ("USDA") and a division thereof, the United States Forest Service ("USFS") filed a Motion to Quash a subpoena served by Defendant on a USFS employee, Steven B. Hartigsen ("Hartigsen"). The USDA and the USFS are not parties to this action. Hartigsen is a Supervisory Forester for the USFS. The USDA concluded that there would be no specific interest of the USDA promoted by authorizing Hartigsen to testify at a deposition pursuant to Defendant's subpoena, 7 C.F.R. § 1.214(e), 2004.

On January 13, 2005 counsel for Defendant withdrew the subpoena for Hartigsen.

Subsequently, Defendant became aware of a letter Hartigsen wrote as a private citizen to the Forest Supervisor of Rio Grande National Forest commenting on the USFS's draft environmental impact statement for Wolf Creek Village.  Defendant served a second subpoena on Hartigsen as a private citizen, but the subject matter was the same as the first subpoena.  The USFS reevaluated Hartigsen's testimony pursuant to 7 C.F.R. § 1.214(e)(2004) and determined that in any questioning related to Wolf Creek it would be impossible for Hartigsen to separate out any knowledge he may have related to the subject of this lawsuit or opinions he had formed based on his employment with the USFS from those in his capacity as a private citizen, and again concluded that there would be no specific interest of the USDA promoted by authorizing Hartigsen to testify, and therefore filed this Motion to Quash.

## II. ANALYSIS

The question before the Court is whether this Court can compel Hartigsen to obey the Defendant's subpoena or hold him in contempt, when the USDA has not authorized him to testify?

*United States ex rel Touhy v. Ragen*, 340 U.S. 462 (1951) states that a federal employee may not be compelled to obey a subpoena to testify contrary to his federal employer's instructions under valid agency regulations.  *See, United States Steel Corp. v. Mattingly*, 663 F.2d 68 (10th Cir. 1980).

> The regulation promulgated by the USDA governing the conduct of USDA employees testifying in matters in which the United States is not a party are set forth in 7 C.F.R. § 1.210, *et. seq.*  An "employee of the USDA served with a valid summons, subpoena...may appear only if such appearance has been authorized by the head of his or her USDA agency...based upon a determination that such an appearance is in the interest of the USDA." 7 C.F.R. § 1.212.

Clearly Rick Cables, the Regional Forester for the Rocky Mountain Region concluded that it was not in the interest of the USDA for Hartigsen to testify and refused authorization.  (*See, Cables*

2

*Declaration attached to Motion to Quash.)*

> 7 C.F.R. § 1.210 states:
>
>> "these regulations do not apply to appearances by USDA employees as witnesses in judicial or administrative proceedings which are purely personal or do not arise out of or relate to their employment with USDA."

Defendant argues that Hartigsen's letter, being on personal stationery, and stating personal opinions would comply with this regulation. The Court disagrees. The plain meaning of the regulation and the words "purely personal or do not arise out of or relate to their employment with USDA" when applied to *United States v. Tisdale*, 248 F.3d 964 (10th Cir. 2001) shows that Hartigsen's letter and possible testimony arises out of and is related to his employment with the USDA-USFS where he reviewed the 1997-1999 Environmental Assessments as well as the Wolf Creek Ski Area Master Development Plan. Hartigsen's letter was a mixture based upon his professional (USFS) knowledge and personal opinions regarding the appropriateness of access to Defendant's Village at Wolf Creek. Whether it is the first subpoena (to Hartigsen at USFS employee), or second subpoena (to Hartigsen individually), the result is the same.

Additionally, the Defendant challenges the USDA decision to not authorize Hartigsen's testimony, but the Court finds that because the USDA is not a party to this action, the Defendant could have filed a Motion to Compel against the USDA pursuant to the Administrative Procedure Act ("APA"). To properly challenge the USDA's authority and decision to authorize Hartigsen's testimony, a Motion to Compel must be filed against the USDA. *See United States Envtl. Protection Agency v. General Elec. Co.*, 197 F.3d 592 (2nd Cir. 1999). Review of the USDA action pursuant

3

to APA could occur and be based upon the full administrative record, and only then can a determination concerning possible arbitrary and capricious action by the agency be made.

### III.  CONCLUSION

On the basis of the foregoing, I conclude that pursuant to 7 C.F.R. 1.210, *et. seq.*, the United States Department of Agriculture's Motion to Quash is **GRANTED**.

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED: November 10, 2005**

                                                **BY THE COURT:**

                                                **s/David L. West**

                                                **United States Magistrate Judge**