**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

**Civil Action No. 04-CV-01099-JLK-DLW**

**WOLF CREEK SKI CORPORATION, INC.,**

**Plaintiff,**

**vs.**

**LEAVELL-McCOMBS JOINT VENTURE, d/b/a**
**THE VILLAGE AT WOLF CREEK,**

**Defendant.**

---

**FINDINGS AND ORDER RE: DEFENDANT'S**
**COMBINED MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES**
**AND TO FILE THIRD AMENDED COUNTERCLAIM**

---

**ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Defendant has filed a Combined Motion for Leave to Join Additional Parties and to File Third

Amended Counterclaim.  In this motion Defendant seeks to join additional parties, Kingsbury and

Davey Pitcher, in their individual capacities, and three additional counterclaims against these

individuals.  The Plaintiff objects to the motion because the sole basis for the amendment is

Defendant's retention of new counsel, and all of the amendments are based on the same facts alleged

in the Second Amended Counterclaim.

**BACKGROUND**

Plaintiff filed its declaratory judgment action on May 5, 2004 and Defendant filed its Answer

1

and Counterclaim on June 7, 2004.

On August 19, 2004 the Court signed a Scheduling Order prepared by the parties with a deadline of September 10, 2004 to amend pleadings and join additional parties. On December 14, 2004, the Defendant filed its Motion for Leave to File Second Amended Counterclaim. This Second Amended Counterclaim sought to add counterclaims against Plaintiff for negligent representation and fraudulent inducement and also contained a claim from the original counterclaim for breach of fiduciary duty. On February 8, 2005 the Court allowed the Defendant to file its Second Amended Counterclaim. On October 6, 2005 counsel for the Defendant entered his appearance in this matter.

## DISCUSSION

The Standard for amending pleadings after the time for amendment has expired under the Scheduling Order as follows:

> Where, as here, a motion to amend the pleadings...is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a)...Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.
> *Id.* at 980 (internal citations omitted). **_Accord Denmon v. Runyon_**, 151 F.R.D. 404, 407 (D.Kan.1993)(affirming the order of a magistrate judge denying the plaintiff's motion to amend the complaint after the

deadline established by the scheduling order, stating: "To establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence").

*__Colorado Visionary Academy__ v. __Medtronic, Inc.__*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting

*__Dilmar Oil Co., Inc.__ v. __Federated Mutl. Ins. Co.__*, 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd. (4th

Cir. 1997).

More than one year has passed since the deadline of September 10, 2004 to amend pleadings and join additional parties.  The Defendant has failed to make a showing of good cause that the deadline could not have been met despite Defendant's diligence.  The retention of new counsel does not meet this burden.  *See __Rhodes__ v. __Amarillo Hospital District__*, 654 F.2d 1148 (5th Cir. 1981). Defendant had all the information necessary to amend counterclaims and join parties prior to the scheduling order deadline, not to mention December 14, 2004 when Defendant filed its Motion to File Second Amended Counterclaim.  In Defendant's Motion to Join and Amend, page 4, ¶ 13 Defendant states that the

> "facts giving rise to the claims for negligent misrepresentation, fraudulent inducement and breach of fiduciary duty have previously been plead as to the ski corporation. The Joint Venture intends to rely upon these very same factual allegations in bringing its claim for fraud and misrepresentation against the Pitchers individually, thus the ski corporation is already familiar with the factual basis giving rise to these claims."

The Court finds that Defendant has failed to make a good cause showing to justify further modification of the Scheduling Order.

## CONCLUSION

For the reasons stated above;

**IT IS HEREBY ORDERED** that Defendant's Combined Motion for Leave to Join Additional Parties and to File Third Amended Counterclaim is **DENIED**.

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED: December 1, 2005.**

> **BY THE COURT:**
>
> **s/David L. West**
>
> **United States Magistrate Judge**