**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

**Civil Action No. 04-CV-01099-JLK-DLW**

**WOLF CREEK SKI CORPORATION, INC.,**

**Plaintiff,**

**vs.**

**LEAVELL-McCOMBS JOINT VENTURE, d/b/a**
**THE VILLAGE AT WOLF CREEK,**

**Defendant.**

---

**FINDINGS AND ORDER RE: DEFENDANT'S**
**MOTION TO AMEND SCHEDULING ORDER**

---

**ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Defendant has filed a Motion to Amend Scheduling Order so as to delay Defendant's Rule 26(a)(2) disclosures to March 1, 2006; Rebuttal Rule 26(a) disclosures to April 1, 2006; last day to depose fact witnesses to April 1, 2006; last day to depose expert witnesses to May 1, 2006; last day to file dispositive motions to June 1, 2006.  In support of the motion Defendant alleges that its potential damage claim in this case has increased because in a State Court C.R.C.P. 106 action, filed May 5, 2004, the Court struck down the Development Plan for the PUD of Defendant's Village at Wolf Creek on October 15, 2005.  The Defendant must re-submit its PUD which will result in additional costs to Defendant.  Defendant also alleges that these potential damages were not anticipated.

Plaintiff argues that Defendant has not demonstrated good cause for seeking modification of the scheduling order, and since Defendant knew of the C.R.C.P. 106 action since May 5, 2004, the C.R.C.P. 106 result had to have been anticipated.

## BACKGROUND

This Court signed the Stipulated Scheduling and Discovery Order on August 19, 2004:

>  6.   Case Plan and Schedule:
>  (a) Deadline - Joinder Parties         - September 10, 2004
>  (b) Deadline - Amend Pleadings     - September 10, 2004
>  (c) Deadline - Discovery Cutoff     - February 10, 2005
>  (d) Deadline - Dispositive Motions  - March 10, 2005
>  (e) Expert Witness Disclosure
>     (2) Three per side
>     (3) Designate experts for respective affirmative case
>         December 10, 2004
>     (4) Designate rebuttal experts - January 10, 2005
>  (g) Deadline for serving Interrogatories and Requests for
>      Admissions - January 10, 2004
>  (h) Request for Production of Documents - January 10, 2004

On November 19, 2004, at the conclusion of a Settlement Conference and as part of an agreed upon road map on how to attempt to resolve the case, "The Magistrate Judge and the parties agreed to a 45 day stand still beginning on November 19, 2004 on the litigation that is currently before this Court." On December 7, 2004 the Court ordered (1) the 45 day stand still on discovery void because of a lack of progress toward settlement, (2) discovery cut-off for non-expert witnesses is now March 1, 2005, and (3) the exchange of initial expert reports will occur on or before January 24, 2005 and any counter-expert reports will be submitted by February 24, 2005.

The Minute Order of January 7, 2005 again amended the Scheduling Order allowing the parties more time to complete discovery:

|  |  |  |
|---|---|---|
| Fact Discovery Cutoff | - | April 1, 2005 |
| Exchange of Expert Report Deadline | - | February 28, 2005 |
| Expert Witness Deposition Cutoff | - | April 29, 2005 |
| Rebuttal Expert Report Cutoff | - | March 31, 2005 |
| Dispositive Motion Deadline | - | May 16, 2005 |

On March 25, 2005, the Court issued another Minute Order based upon the parties' request that the parties still have up to and including April 15, 2005 to (1) complete factual discovery, and (2) to complete rebuttal expert reports.

Finally, on August 4, 2005, at the parties' request, and in an effort to facilitate settlement, the Court set a final discover cutoff for October 1, 2005.

## DISCUSSION

Federal Rule of Civil Procedure 16(b) provides that Scheduling Orders "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." In ***Marcin Engineering, LLC v. Founders of Grizzly Ranch, LLC***:

> In order for expert disclosures and related discovery to be reopened as [Defendant] requests, [Defendant] must show good cause to amend the discovery deadlines stated in the [Scheduling Order]...Fed.R.Civ.P.16(b). Good cause in this context required a showing, among other things, that the party seeking the extension was diligent in its discovery efforts yet could not complete discovery by the court-ordered deadline.

291 F.R.D. 516, 521 (D.Colo.2003).

"Properly construed, 'good cause' means that the scheduling deadlines cannot be met despite a party's diligent efforts." ***Colorado Visionary Academy***, 194 F.R.D. at 687.

Since the 106 action was filed in Colorado State Court on May 5, 2004, more than 1 ½ years ago, Defendant's allegation that the result was not anticipated or foreseeable rings hollow. Since the Scheduling Order, the Court has allowed five (5) delays in the discovery process to try to

3

accommodate the parties' wish to explore settlement.  Settlement is never a certainty, but the Court feels it has more than accommodated the parties' requests for a delay of discovery.  The Defendant has failed to make a showing of good cause justifying further time extension and Defendant has not demonstrated it was diligent in its discovery efforts yet could not complete discovery by the deadline that has already been extended five times, therefore:

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Scheduling Order is **DENIED**.

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED: December 1, 2005.**

                                         **BY THE COURT:**

                                         **s/David L. West**

                                         **United States Magistrate Judge**