**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

**Civil Action No. 04-CV-01099-JLK-DLW**
**WOLF CREEK SKI CORPORATION, INC.,**

**Plaintiff,**

**vs.**

**LEAVELL-McCOMBS JOINT VENTURE, d/b/a**
**THE VILLAGE AT WOLF CREEK,**

**Defendant.**

---

**ORDER RE: DEFENDANT'S (JOINT VENTURE'S) MOTION TO COMPEL**
**RETURN OF ATTORNEY/CLIENT PRIVILEGED DOCUMENTS**

---

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

This matter is before me on Defendant's (Joint Venture's) Motion to Compel Return of Attorney/Client Privileged Documents.

**I. BACKGROUND**

On September 25, 2003, Pete Leavell ("Leavell") sold his and his family's interest in the Leavell-McCombs Joint Venture, d/b/a The Village at Wolf Creek ("Joint Venture") to Red McCombs another member of the Joint Venture. Prior to that date, Leavell had received numerous documents concerning the Joint Venture's development project. During the summer of 2004, Robert Honts, project manager for the Joint Venture, reviewed the files in Leavell's possession, but never

1

requested Leavell return these files to the Joint Venture, nor did he request Leavell not disclose documents to third parties without the Joint Venture screening them for possible "privileged" content. On December 9, 2004, Plaintiff, Wolf Creek Ski Area ("Wolf Creek") served a subpoena on Leavell for documents related to the Village, and gave a copy of the subpoena to counsel for the Joint Venture. On or about December 27, 2004, Leavell and his personal counsel, Chris Paul, began producing documents on a rolling production, and Wolf Creek forwarded copies to the Joint Venture. On March 11, 2005, the Joint Venture sent an e-mail to Wolf Creek's counsel requesting the return of certain documents claiming such documents were privileged pursuant to the attorney-client privilege. Wolf Creek refused on the grounds that the documents were either not privileged or the privilege was waived.

On September 2, 2005, the Court held an informal discovery conference with counsel that resolved virtually all discovery issues, except this one, and the Court urged counsel for the Joint Venture to file a Motion to Compel so the "Leavell privilege" issue could be resolved.

On November 15, 2005, at the conclusion of oral argument concerning Motions for Summary Judgment, counsel for Wolf Creek asked for a time frame in which the Joint Venture would decide whether or not to claim the Leavell documents privileged, so he could schedule Leavell's deposition. Joint Venture's counsel represented to the Court and counsel that he would have a response by the end of November, (*See* Transcript, Docket No. 119), and the Court's Minute Order (*See* Docket No. 123), stating that, "Counsel for the Plaintiff requests the status of the "Leavell documents" so that discovery can be completed. Defendant will respond before the end of November."

On February 24, 2006, the Joint Venture filed the Motion to Compel which was a broad

assertion of the attorney-client privilege with an attached privileged log. Not until the Joint Venture's Reply did the Joint Venture address each document, and then correctly concluded that the following documents were not subject to the attorney-client privilege: L0031, L04211 - 4216, L03035, L04181 - 4198 and L06970.

## II.  DISCUSSION

*In camera* the Court has reviewed the following documents provided by the Joint Venture and referenced in its privileged log dated February 24, 2006:

Joint Venture withdraws claim of attorney-client privilege:

> L00301
> L03035
> L04108 - 18
> L04181 - 98
> L04211 - 16
> L06970

The Joint Venture omitted the following documents from the exhibit packet for review, therefore no review has occurred:

> L074022 - 26
> L07434

The following documents are not subject to the attorney-client privilege for the stated reasons:

> L01074,  is a cover sheet with no attorney-client communication.
> L01085,  is a cover sheet with no attorney-client communication.
> L01403,  is a cover sheet with no attorney-client communication.
> L07408 - 21,  is a letter with attachments from Honts to Leavell and Leavell's personal attorney, therefore, no attorney-client communication or privilege.

The following documents are invoices from Crowell Moring and Western Land Group for lobbying efforts on proposed federal legislation with the offices of Congressmen Delay, McInness,

Stenholm, Senators Helms and Cochran, the Department of Energy, House Agricultural Committee, United States Department of Agriculture, Forests Subcommittee, House Resources Committee, Senate Energy and Natural Resources Committee:

>L03101 - 23
>L07427 - 28
>L07434 - 41

"The party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable." ***Barclays-American Corporation v. Kane***, 746 F.2d 653, 656 (10th Cir. 1984) (citing ***United States v. Bump***, 605 F. 2d 548, 551 (10th Cir. 1979). Lobbying services, though conducted by attorneys, are not protected attorney-client communications, *See* ***Black v. Southwestern Water Conservation District***, 74 P.3d 462, 468 (Colo. Ct. App. 2003). These invoices identify legislative meetings, and progress reports and lobbying activities which do not constitute legal advice and are not protected by the attorney-client privilege or work product.

The following documents are attorney-client communications that are subject to the attorney-client privilege if they do not fall within the inadvertent waiver doctrine found in ***Floyd v. Coors Brewing Co.***, 952 P.2d 797 (Colo. App 1997):

>L01073, is attorney-client communication, Honts to attorney White
>L01075 -76, Derby, consultant with Sugnet & Associates to Honts and attorney White
>L01084, identical document as L01073
>L01086 - 87, identical document as L01075 - 76
>L01404 - 8, draft right of first refusal, Holland & Hard to Honts
>L03548, attorney Reilly to Honts letter
>L03453 - 4, attorney Ferguson to Honts letter
>L03495 - 7, attorney White to Honts letter

>L04014 - 16,  Holland & Hart invoice to Honts
>L07226 - 27, draft default letter 12/4/01 Holland & Hart to Pitcher
>L07228 - 31, draft default letter 12/4/01 Holland & Hard to Pitcher, identical to L07226 - 27 with two cover sheets.

WD-Tg 00016 - 17, draft of default letter, different than L07226 - 27 and L07228 - 31, however, previously determined in Document 106, Memorandum Opinion and Order, October 27, 2005 that the attorney-client privilege has been waived by the Joint Venture.

The Court agrees with the Joint Venture that subsequent to September 25, 2003, when Leavell sold his interest in the Joint Venture, he no longer was in a position to assert or waive the attorney-client privilege as to attorney-client communications or work product of the Joint Venture. *See **Commodity Futures Trading Comm'n. v. Weintraub***, 471 U.S. 343, 105 S. Ct. 1986, (1985) and C.R.S. §7-60-133(1).  However, the Joint Venture was aware of the contents of Leavell's files pursuant to Honts's inspection prior to Wolf Creek's subpoena and did nothing to protect the contents.  Once aware of the subpoena, the Joint Venture still did nothing for almost ten (10) weeks, and then sent an e-mail claiming the privilege.

Inadvertent disclosure addressed in ***Floyd*** presents an "*ad hoc*" approach for determining whether the disclosure resulted from excusable inadvertence:

1) the extent to which reasonable precautions were taken to prevent the disclosure of privileged information; 2) the number of inadvertent disclosures made in relation to the total number of documents produced; 3) the extent to which the disclosure, albeit inadvertent, has, nevertheless, caused such a lack of confidentiality that no meaningful confidentiality can be restored; 4) the extent to which the disclosing party has sought remedial measures in a timely fashion; and 5) considerations

of fairness to both parties under the circumstances.

The Joint Venture did not take reasonable precautions to prevent disclosure. The Joint Venture reviewed Leavell's files, but never requested Leavell return the files, nor did it request Leavell not disclose documents to third parties without the Joint Venture screening them for possible "privileged" content, nor did the Joint Venture react when Wolf Creek served the subpoena.

The Joint Venture failed to seek remedial measures in a timely fashion. On September 2, 2005, this Court urged the Joint Venture to file a Motion to Compel, and on November 15, 2005, the Joint Venture agreed to decide whether to claim the Leavell documents as privileged by the end of November, 2005, which was noted in the Court's Minute Order of the same date. The motion was filed February 24, 2006.

As a result;

**IT IS HEREBY ORDERED** as to the documents the Court has found to be privileged attorney-client communication or work product, that the Joint Venture has not proven excusable inadvertence and has waived the privilege and the Joint Venture's Motion to Compel is **DENIED**.

**DATED: April 25, 2006**

                    **BY THE COURT:**

                    **s/David L. West**
                    **United States Magistrate Judge**