**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

**Civil Action No. 04-CV-01099-JLK-DLW**

**WOLF CREEK SKI CORPORATION, INC.,**

**Plaintiff,**

**vs.**

**LEAVELL-McCOMBS JOINT VENTURE, d/b/a**
**THE VILLAGE AT WOLF CREEK,**

**Defendant.**

---

**FINDINGS AND ORDER RE:   PLAINTIFF'S MOTION TO EXCLUDE JOINT VENTURE'S NEW EXPERTS AND RELATED TESTIMONY OR, IN THE ALTERNATIVE, FOR ALLOWING WOLF CREEK LIMITED DISCOVERY AND REBUTTAL EXPERTS**

---

**ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

    **THIS MATTER** comes before the Court on Plaintiff's Motion to Exclude Joint Venture's New Experts and Related Testimony or, in the Alternative, for Allowing Wolf Creek Limited Discovery and Rebuttal Experts.

**BACKGROUND**

    On January 7, 2005 the Court amended the Scheduling Order and extended the expert report deadline for witnesses testifying pursuant to Fed.R.Evid. 702 to February 28, 2005, and rebuttal expert report deadline to April 15, 2005.  On December 1, 2005 the Court in its Findings and Order denied  Defendant's request for an extension of time to comply with Rule 26(a) requirements.  On April 3, 2006, Defendant disclosed to Plaintiff by supplemental disclosure pursuant to Rule 26(e)

1

eleven new witnesses, claiming they will be lay witnesses pursuant to Fed.R.Evid. 701, and claiming this disclosure was not required by Fed.R.Civ. Procedure 26(a). The Plaintiff objects to the six witnesses claiming they will be expert witnesses;

The six witnesses are:

1. Randall J. Phelps, Klimbely-Horn and Associates.

2. Dr. Mark Blauer, Director, Tetra Tech, Inc.

3. George Murphy, P.E., Murfee Engineering Company, Inc.

4. David Malish, P.E., Murfee Engineering Company, Inc.

5. Nick Roe, Senior Consultant, Iris Environmental Systems, Inc.

6. Kim Poole, Senior Consultant, Iris Environmental Systems, Inc.

The backgrounds of Blauer, Malish and Murfee are attached to Exhibits 3 and 4 to Plaintiff's Motion to Exclude Joint Ventures New Experts.... The background of Phelps, Roe and Poole have not been submitted to the Court by either party.

## **ANALYSIS**

The Defendant claims that the six witnesses will be lay not expert witnesses pursuant to Fed. R Evid. 702. The Court finds the Defendant did not comply with Rule 26(a) disclosing these six witnesses as experts by the February 28 and April 15, 2005 deadlines. Pursuant to Fed.R.Civ. Procedure Rule 37, the Court finds that the six witnesses may not be called to give expert testimony pursuant to Fed.R.Evid. 702, 703 or 705. The Defendant made no showing that a failure to disclose experts was substantially justified or harmless, *See **Jacobsen v. Deseret Book Co.***, 287 F.3d 936 (10th Cir. 2002).

The Defendant argues that the six witnesses may testify pursuant to Fed.R.Evid. 701 and give

expert lay opinion testimony. FN5 of Fed.R.Evid. 701, "specifically prohibits lay opinion testimony, even when based on personal knowledge if the opinion or inference is based on scientific, technical or other specialized knowledge." The distinction between 701 and 702 is stated in <u>**Cook v. Rockwell International Corporation**</u>, 233 F.R.D. 598 (2005),

> "The Federal Rules of Evidence required that a witness' testimony be scrutinized under the rules regulating expert testimony to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge withing the scope of Rule 702. Fed.R.Evid. 701 Adv. Comm. Notes (2000 Am.). This requirement is to ensure "that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26...by simply calling an expert witness in the guise of a layperson." *Id.*
>
> "<u>The distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field.</u>" Fed.R.Evid. 702 Adv. Comm. Notes (2000 Am.). The Tenth Circuit has stated his test as follows:
>
>> When the subject matter of proffered testimony constitutes "scientific, technical, or other specialized knowledge," the witness must be qualified as an expert under Rule 702. Rule 701 applies only if the witness is not testifying as an expert. Indeed, the rule expressly prohibits the admission of testimony as lay witness opinion if it is based on specialized knowledge. In other words, a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by an ordinary person.
>
> *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 929 (10th Cir. 2004) (internal quotations and citations omitted.)"

At this time the Court is not aware of the subject matter that Defendant wishes the six witnesses to testify to, and as a result cannot determine whether or not they are attempting to evade the expert witness disclosure requirements of Fed. R. Civ. Procedure Rule 26.

## CONCLUSION

For the reasons stated above;

**IT IS HEREBY ORDERED** that pursuant to Fed.R.Civ. Procedure 26 and 37, Defendant's potential witnesses Phelps, Blauer, Murphy, Malish, Roe and Poole may not testify pursuant to Fed. R. Evid. 702, 703 and 705 and Plaintiff is allowed limited discovery as to the six witnesses. Once the nature and scope of the potential witnesses testimony is determined the parties may again address the question of whether or not the six witnesses can testify pursuant to Fed. R. Evid. 701, and whether or not Plaintiff is entitled to rebuttal experts.

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED: August 11, 2006.**

BY THE COURT:

s/David L. West
**United States Magistrate Judge**