IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West

Civil Action No. 04-CV-01099-JLK-DLW

WOLF CREEK SKI CORPORATION, INC.,

Plaintiff,

vs.

LEAVELL-McCOMBS JOINT VENTURE, d/b/a
THE VILLAGE AT WOLF CREEK,

Defendant.

---

FINDINGS AND ORDER RE:
DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

---

ENTERED BY MAGISTRATE JUDGE DAVID L. WEST

 The Defendant, Leavell-McCombs Joint Venture ("Joint Venture"), has filed a Motion to Amend Scheduling Order to allow the Joint Venture to designate an expert to opine the road construction costs to the Joint Venture's Village adjacent to the Plaintiff's ("Wolf Creek") ski area. The Joint Venture claims that the United States Forest Service ("U.S.F.S.") designation of a second access (the Snow Shed Road) as the primary access to the Village is a change of circumstances resulting in reassessment of the Joint Venture's damages by an expert witness. Wolf Creek opposes the motion stating that the Joint Venture was aware of the possibility that the U.S.F.S. might designate the Snow Shed Road as early as October, 2004.

## **BACKGROUND**

1. May 5, 2004 Complaint filed.

2. June, 2004, Joint Venture submitted its Final Development Plan to Mineral County.

3. August 10, 2004, original Scheduling Conference:

   A.    July 30, 2004, Rule 26(a)(1) disclosures.
   B.    September 10, 2004, deadline for joinder of parties.
   C.    September 10, 2004, deadline to amend pleadings.
   D.    December 10, 2004, disclosure of experts.
   E.    February 10, 2005, discovery cutoff.
   F.    March 10, 2005, dispositive motions deadline.
   G.    January 10, 2005, designate all rebuttal experts.
   H.    January 10, 2005, deadline for serving interrogatories and requests
         for admissions and request for production.

4. August 17, 2004, Defendant, Joint Venture writes U.S.F.S. that its engineer, Murfee Engineering believes that Snow Shed Road would be extremely difficult to build, and least desirable route. (D.E.I.S., Ex. 3 @ 1-1, Wolf Creek's Response to Motion to Amend Scheduling Order.)

5. October 1, 2004, USFS in its Draft Environmental Impact Statement ("D.E.I.S.") concluded that a combination Tranquility Road and Snow Shed Road <u>preferred.</u> (D.E.I.S., Ex. 3 @ 1-1, Wolf Creek's Response to Motion to Amend Scheduling Order and Document No. 213)

6. November 19, 2004, at the conclusion of a settlement conference, the parties and the Magistrate Judge agreed to a forty-five (45) day stand-still of discovery so that the parties could concentrate on settlement.

7. December 7, 2004 the Court voided the discovery stand-still because of the lack of settlement progress, and set discovery cutoff for non-expert witnesses for March 1, 2005, exchange of initial expert reports due January 4, 2005 and counter-expert reports were to be submitted by February 24, 2005.

8. January 7, 2005, the Court again amended the Scheduling Order at the request of the parties allowing more time to complete discovery:

   April 1, 2005          -     Fact discovery cutoff
   February 28, 2005      -     Exchange of expert reports
   April 29, 2005         -     Expert witness deposition deadline

2

March 31, 2005          -          Rebuttal expert report deadline
May 16, 2005          -          Dispositive motions deadline

9.  February 28, 2005, Joint Venture damage expert, Lisa Meer, includes damage figure for cost of Snow Shed Road based on Murfee Engineering estimate.  ( February 28, 2005 Report of Lisa Meer, Ex. 4 @ 14, Wolf Creek's Response to Motion to Amend Scheduling Order.)

10.  March 25, 2006, the parties requested and were granted up to and including April 15, 2005 to complete factual discovery and to complete rebuttal expert reports.

11.  April 15, 2005, deadline for rebuttal expert reports.

12.  August 4, 2005, at the parties' request the Court set a final discovery cutoff for October 1, 2005.

13.  October 5, 2005, settlement conference.

14.  November 14, 2005, Defendant, Joint Venture, filed a Motion to Amend Scheduling Order which was denied December 1, 2005 for failure to make a showing of good cause justifying additional extension of time.

15.  January 1, 2006, dispositive motions deadline extended at parties' request to March 1, 2006.

16.  March 15, 2006, U.S.F.S. issues Final Environmental Impact Statement ("F.E.I.S.") selecting Alternative 4 combining Tranquility Road and the Snow Shed Road as joint access to the Joint Venture's Village.  (F.E.I.S., Ex. 7, Wolf Creek's Response to Motion to Amend Scheduling Order)

17.  July 13, 2006, U.S.F.S's decision concerning access upheld.  Joint Venture has filed a request for a discretionary review of the Final Decision with the Secretary of Agriculture which is pending.  (Ex. A-5, Defendant's Motion to Amend Scheduling Order)

18.  August 15, 2006, Defendant filed Joint Venture's Motion to Amend Scheduling Order. (Document No. 200)

## ANALYSIS

In June of 2001, the Joint Venture submitted an Application for Transportation and Utility

Systems and Facilities on Federal land, which requested access to the Joint Venture property over

U.S.F.S. land.  This application triggered a Draft Environmental Impact Statement ("D.E.I.S.") which

3

was approved and published by the U. S. F. S. October 1, 2004.  The D.E.I.S. listed 4 alternatives and identified the Snow Shed Road as the preferred alternative.  The Snow Shed Road would not use the Wolf Creek entrance, but would intersect Highway 160 about 0.25 miles west of the snow shed on Wolf Creek Pass.  On March 15, 2006, the U.S.F.S. issued a Final Environmental Impact Statement ("F.E.I.S.") selecting alternative number 4, combining the Snow Shed Road as the primary access and Tranquility Road (through the Wolf Creek Ski Area entrance) as a secondary access.  The F.E.I.S. was upheld July 13, 2006 and the Joint Venture filed a request for discretionary review of the Final Decision by the Secretary of Agriculture, which is pending.  In this appeal, the Joint Venture requests that only Tranquility Road be used as access to the Village.  The cost of the Snow Shed Road would  significantly exceed the cost of the 250-foot extension to the Tranquility Road.

A Scheduling Order shall not be modified "except upon a showing of good cause."  Fed. R. Civ. P. 16(b).  To add new experts and pursue related discovery, "good cause" requires a showing "that the party seeking the extension was diligent in its discovery efforts yet could not complete discovery by the court-ordered deadline."  ***Marcin Eng'., L.L.C. v. Founders at Grizzly Ranch, L.L.C.***, 219 F.R.D. 516, 521 (D. Colo. 2003) (citing ***SIL-FLO, Inc. v. SFHC, Inc.***, 917 F.2d 1507, 1514 (10th Cir. 1990)).  The Joint Venture argues that the correct standard to evaluate motions to amend the scheduling order is cited in ***Smith v. Ford Motor Co.***, 626 F.2d 784 (10th Cir. 1980).

The ***Smith*** test addresses modification of a pretrial order under not Rule 16(b) but Rule 16(e), under which a court is permitted to modify a pretrial order "only to prevent manifest injustice."  The Joint Venture has urged this Court to apply the ***Smith*** standard to the modification of a scheduling order based on, ***Burkes v. Okla. Pub' Co.***, 81 F.3d 975, 978-79 (10th Cir. 1996), which employed the ***Smith*** test to analyze whether good cause existed to amend a scheduling order.  Colorado courts

have applied the "diligence" standard cited in ***Marcin***. *See, e.g.* ***Hannah*** **v.** ***Roadway Express, Inc.***, 200 F.R.D. 651, 653 (D. Colo. 2001) (applying diligence test in the context of motion to amend scheduling order to add new experts); ***Pumpco, Inc.*** **v.** ***Schenker Int'l, Inc.***, 204 F.R.D. 667, 668-69 (diligence standard applied to motion to amend scheduling order to amend pleadings); ***Colo. Visionary Acad.*** **v.** ***Medtronic, Inc.***, 194 F.R.D. 684, 687 (D. Colo. 2000) (same); ***Lozaya*** **v.** ***Garrou Constr. Co.***, No. 04-CV-02569, 2006 WL 1028869 (D. Colo. April 17, 2006) (motion to amend scheduling order to file dispositive motions); ***Strozier*** **v.** ***U.S. Postal Serv.***, No. 04-CV-0007, 2005 WL 214179, at *2 (D. Colo. Aug. 19, 2005) (motion to amend scheduling order to add new experts). Indeed, the ***Burkes*** court itself recognized that "good cause," rather than "manifest injustice" is the proper standard under Rule 16(b). *See* ***Burkes***, 81 F.3d at 978 ("Rule 16(b). . . provides that [scheduling] orders shall not be modified 'except upon a showing of good cause.'").

The determination by the U.S.F.S. that the Snow Shed Road could be part of the access to the Joint Venture's Village is not a recent change of circumstance. On August 17, 2004, the Joint Venture was aware of that the U.S.F.S. was considering the Snow Shed Road as it informed the U.S.F.S. in writing that Murfee Engineering believed the road would be difficult to build and the least desirable route. On October 1, 2004, the U.S.F.S.'s D.E.I.S. identified Alternative 4 as its preferred alternative. Alternative 4 was a combination of the Tranquility Road and the Snow Shed Road, and was identified by the U.S.F.S. before the December 10, 2004 disclosure of experts deadline. On February 28, 2005, the Joint Venture's expert, Ms. Lisa A. Meer, includes a damages figure for the cost of the Snow Shed Road. February 28, 2005 was the deadline for the exchange of expert reports. On November 14, 2005, the Joint Venture moved to amend the Scheduling Order to add new expert witnesses, which was denied. The Joint Venture moves to amend Scheduling Order to permit the

5

addition of an expert to explain costs of the Snow Shed Road, on August 15, 2006, some two (2) years after being aware that the Snow Shed Road was being considered by the U.S.F.S. and twenty-two (22) months after the Joint Venture was aware that it was the preferred alternative.  The Joint Venture has not shown that it was diligent in its discovery efforts and therefore, has not shown good cause justifying a further modification of the Scheduling Order.

## CONCLUSION

On the basis of the foregoing, the Court concludes that the Defendant has not established good cause for leave to amend the Scheduling Order, therefore:

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Scheduling Order is **DENIED**.

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED: October 18, 2006.**

BY THE COURT:
s/David L. West
**United States Magistrate Judge**