# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 04-K-1099-JLK-DLW

WOLF CREEK SKI CORPORATION, INC.,

      Plaintiff,

v.

LEAVELL-McCOMBS JOINT VENTURE, d/b/a
THE VILLAGE AT WOLF CREEK,

      Defendant.

## PROTECTIVE ORDER

Plaintiff and non-party U.S. Forest Service, and other parties, individuals or entities involved in this case that may subsequently agree, shall abide by the terms set forth below regarding the documents produced by the Forest Service in this litigation subject to this Order, which are described in the index attached hereto as "Exhibit A" (hereinafter referred to as "the Documents").

    1.    **DOCUMENTS PRODUCED WITH WATERMARK.** The Documents shall be produced on paper that is watermarked to indicate that they were produced to Plaintiff ("WCSC") or Defendant ("LMJV").

2. **NO DISCLOSURE OF THE DOCUMENTS.** The Documents and any and all information contained in or derived from such Documents shall be used only by those listed in Paragraph 3 of this Order for the sole purpose of this litigation and shall not be disclosed, in any manner whatsoever (either orally, electronically or in written form), to anyone for any purpose, without modification of this Order;

3. **PERMISSIBLE DISCLOSURE OF THE DOCUMENTS.** The Documents, and any copies thereof, and the information contained therein, may be disclosed only to:

   (a) the Court and its personnel, including court reporters;

   (b) attorneys for the parties to this litigation and persons regularly in the employ of the parties' attorneys assisting in this litigation;

   (c) employees or representatives of a party who are assisting counsel in the preparation, trial, and appeal of this action;

   (d) employees of microfilming, duplicating and data processing service companies retained by counsel to provide support services in this action;

   (e) consultants and experts retained by a party to assist in this action; and

   (f) witnesses called to provide testimony at a deposition, hearing, trial or other proceeding in connection with this action.

4. **ACKNOWLEDGMENT FORMS.** Upon entry of this Order, any person listed in Paragraph 3(c)-(f) who has a need to review the Documents consistent with the restrictions in

Paragraph 2 must sign and date the Acknowledgment of Protective Order attached hereto as "Exhibit B" (hereinafter referred to as "the Acknowledgement") before he or she is given access to the Documents. Any person provided access to the Documents prior to entry of this Order, in connection with Plaintiff's initial receipt, review and copying of the Documents, must sign and date the Acknowledgment of Protective Order attached hereto as soon as practicable once this Order is entered. All signed and dated Acknowledgment forms shall be retained by the respective parties' counsel. Any person listed in Paragraph 3(b) who has a need to review the Documents consistent with the restrictions in Paragraph 2 shall be informed that those materials are confidential and are subject to this Order.

5. **MODIFICATION OF PROTECTIVE ORDER BY THE COURT.** Should either Plaintiff, Defendant, or their respective attorneys wish to disclose the Documents to any person other than those indicated in Paragraph 3, or for any purpose other than those indicated in Paragraph 2, counsel shall first seek to consult with counsel for the Forest Service to obtain consent to such disclosure. Thereafter, either party may, on motion, seek modification of this Protective Order from the Court.

6. **USE OF THE DOCUMENTS IN COURT FILINGS.** If the parties file with the Court any of the Documents, including those portions of filings with the Court where the contents of the Documents are discussed, those portions of court filings concerning the

Documents shall be designated under seal and the parties shall treat those portions of court filings as if they were subject to this Protective Order.

7. **RETURN OR DESTRUCTION OF THE DOCUMENTS.** All of the Documents, and all documents containing information contained in or derived from the Documents, shall be destroyed or returned to the counsel for the Forest Service within sixty (60) days of the conclusion of all district court and appellate court proceedings in this case. If the Documents are destroyed, destroying counsel shall so notify all counsel in writing.

8. **TERMINATION OF RESTRICTIONS.** Any specific part or parts of the restrictions imposed by this Order may be terminated at any time by: (a) stipulation; or (b) Order of the Court.

9. **DUPLICATES PREVIOUSLY PRODUCED.** To the extent, if any, duplicates of the Documents described in this Protective Order have already been produced to any party in this litigation, those duplicates shall not be subject to this protective order and production of same to non-parties shall not be governed by the provisions herein.

DATED this **28th** day of **December**, 2007.

David L. West
United States Magistrate Judge