IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Case No. 04-cv-1099-JLK-DLW

**WOLF CREEK SKI CORPORATION, INC.,**

    Plaintiff,

v.

**LEAVELL-McCOMBS JOINT VENTURE, d/b/a VILLAGE AT WOLF CREEK,**

    Defendant.

## ORDER ON *DAUBERT* MOTIONS

Kane, J.

This matter is before me on Plaintiff Wolf Creek Ski Corporation's *Daubert* Motion to Exclude the Testimony and Report of Defendant's Expert Lisa A. Meer and *Daubert* Motion to Exclude in Part the Testimony and Report of Defendant's Expert John A. Montgomery (Docs. 273 & 280), both filed February 20, 2008. Briefing on these motions was completed on March 26, 2008, and they are currently set for oral argument on April 11, 2008 in Durango. As a result of agreements reached by the parties after these motions were filed, I find oral argument is not warranted and therefore VACATE the April 11 hearing.

As requested by the parties, Wolf Creek's *Daubert* Motion with respect to Ms. Meer's testimony is deemed WITHDRAWN based on the stipulation of Defendant Leavell-McCombs Joint Venture ("Joint Venture") to the following:

1. Ms. Meer's testimony will be limited to her calculations of actual costs incurred by the Joint Venture as evidenced by historical invoices previously disclosed;

2. Ms. Meer will not testify or opine about the reasonableness of any of the costs incurred by the Joint Venture, including costs it has incurred in its efforts to secure federal approval of a road to the proposed development;

3. Ms. Meer will not testify or opine about causation;

4. Ms. Meer will not testify or opine about future damages; and

5. The Joint Venture will not call any of the underlying "experts" referenced by Ms. Meer, other than John Montgomery, to give opinion evidence.

In a separate *Daubert* Motion, Wolf Creek seeks to exclude testimony by John Montgomery as to: (1) causation, including the list of "problems" that Wolf Creek allegedly caused the Joint Venture; and (2) whether Wolf Creek's actions put the Joint Venture's investment "at risk," including but not limited to testimony that Wolf Creek's actions put future profits at risk or could have caused the Joint Venture to reach a "break point." In their response, the Joint Venture confirmed that Mr. Montgomery will not testify regarding either of these subjects. Based on this representation by the Joint Venture, I DENY AS MOOT Wolf Creek's *Daubert* Motion with respect to Mr. Montgomery.

The parties are also in apparent agreement regarding the subjects to which Mr. Montgomery may testify, with one exception: Mr. Montgomery's intended

testimony concerning "the reasonableness, necessity and value of the Joint Venture's financial commitments to the Village project, including expenses incurred in the approval and planning process." Def.'s Resp. to Pl.'s *Daubert* Mot. Re: John Montgomery (Doc. 290) at 2. Wolf Creek protests that Mr. Montgomery's expert report makes no mention of these topics or his opinions on them and that he is therefore precluded from testifying regarding them. Having reviewed Mr. Montgomery's expert report, I agree that it does not address these topics.

Rule 37(c)(1) provides that a party who without substantial justification fails to disclose information required by Rule 26(a)'s expert and other disclosure requirements may not present this information as evidence at trial.[1] Fed. R. Civ. P. 37(c)(1). This sanction is mandatory unless the non-disclosing party shows substantial justification or that the failure to disclose was harmless. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002); *Cook v. Rockwell Int'l Corp.*, 223 F.R.D. 598, 600 (D. Colo. 2005); Fed.R.Civ.P. 37(c)(1) (Adv. Comm.. Note 1993). Accordingly, unless the Joint Venture can show substantial justification for failing to disclose Mr. Montgomery's intended expert testimony on the "reasonableness, necessity and value of the Joint Venture's financial commitments to the Village project," or that its failure to

---

[1] Rule 26(a) requires, among other things, that each testifying expert submit an expert report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The deadline for submitting the required expert disclosures in this case was February 28, 2005. *See* Findings and Order re: Def.'s Mot. to Amend Scheduling Order (Doc. 116) at 3.

3

disclose this intended testimony is harmless, I will not permit Mr. Montgomery to testify on these topics.

If the Joint Venture intends for Mr. Montgomery to testify on these topics, it shall file a motion attempting to make the showing required by Rule 37(c)(1) no later than April 17, 2008. If the Joint Venture fails to file such a motion by this deadline, Mr. Montgomery will not be permitted to testify on the disputed topics.

If the Joint Venture files the requisite motion seeking to expand Mr. Montgomery's testimony beyond the topics disclosed in his expert report, Wolf Creek shall file a response no later than April 28, 2008. This motion will then be argued and resolved before trial in conjunction with the other evidentiary motions and objections currently before the court.

IT IS SO ORDERED.

Dated this 3rd day of April, 2008.

           s/ John L. Kane
           John L. Kane, Senior District Judge
           United States District Court